2015 FEB 17 AM 9: 17


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70702-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MALCOLM JOHN FRASER, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: February 17, 2015 |
| | ) | |

Cox, J. — Malcolm Fraser appeals his judgment and sentence for his convictions of child molestation and rape of a child. The trial court did not abuse its discretion in declining to review in camera privileged counseling records. Likewise, it did not deprive him of due process or the right to confront witnesses by limiting the cross-examination of two witnesses. And the court did not abuse its discretion in excluding evidence of his good character. We affirm.

The victim, M.C., and her family were former members of a church for which Fraser served as an assistant pastor. Fraser lived with M.C.'s family for a period of time. M.C. testified that while Fraser lived with her family, he entered her bedroom and had sexual contact with her.

M.C. received counseling, and her counselor reported the abuse to Child Protective Services. After an investigation, the State charged Malcolm Fraser

with two counts of first degree child molestation and two counts of first degree rape of a child.

Before trial, Fraser moved for an in camera review of M.C.'s counseling records to determine if they contained discoverable information. Fraser argued that the counseling records would provide evidence that M.C. was biased. He also claimed that they contained inconsistent statements, as M.C. disclosed the abuse to her counselor before being interviewed by a police detective. The court denied the motion.

Fraser also moved to dismiss the case, arguing that the lead detective was biased and had violated Brady v. Maryland[1] by failing to preserve exculpatory evidence. During his investigation, the detective had exchanged e-mails with several witnesses. Some of these e-mails indicated that some witnesses might be biased. The detective subsequently deleted these e-mails.

The court denied the motion to dismiss. The court found that the detective should have preserved the e-mails but that his failure to do so was not malicious. The court also held that Fraser had not proven incurable prejudice. Instead of dismissing the case, the court ordered the State to attempt to recover the e-mails from their recipients or from the detective's computer or e-mail service. The court also found that the detective's religious beliefs "may have affected his judgment" during the investigation.

---

[1] 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Before trial, the State moved to exclude evidence of Fraser's good character. The court ruled that the evidence of Fraser's reputation for sexual morality was irrelevant and granted the motion.

At trial, the court limited Fraser's cross-examination of M.C.'s sister. While cross-examining M.C.'s sister, K.C., Fraser asked about her failure to attend two scheduled defense interviews. The State objected on relevancy, and the court sustained the objection. The jury convicted Fraser of all counts.

Fraser appeals.

## COUNSELING RECORDS

Fraser argues that the court violated his right to due process when it failed to review M.C.'s counseling records in camera. Specifically, Fraser argues that reviewing the records would have revealed evidence of M.C.'s bias against Fraser's church. We hold that the court did not abuse its discretion in denying this motion.

Counseling records are generally privileged.[2] "[F]or due process to justify in camera review of a record that is otherwise deemed privileged or confidential by statute, the defendant must establish 'a basis for his claim that it contains material evidence.'"[3] The defendant "must make a particularized factual

---

[2] RCW 5.60.060(9).

[3] State v. Gregory, 158 Wn.2d 759, 791, 147 P.3d 1201 (2006) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 58 n.15, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987)), overruled on other grounds by, State v. W.R., Jr., 181 Wn.2d. 757, 336 P.3d 1134 (2014).

showing"—mere speculation is not enough.[4] "Evidence is material only if there is a reasonable probability that it would impact the outcome of the trial."[5] "A reasonable probability is probability sufficient to undermine confidence in the outcome."[6]

This court reviews a trial court's decision whether to view privileged documents for abuse of discretion.[7]

Here, the court ruled that Fraser did not establish that the records contained material information. This failure substantiates the court's ruling denying in camera review.

Fraser does not dispute that the counseling records were privileged. Instead, he argues that he showed that the records were likely to contain impeachment evidence and evidence that M.C. was biased against Fraser's church.

Here, Fraser fails to establish either a due process right or an evidentiary right for the court to review the records in camera. Fraser failed to establish that the evidence allegedly showing bias was material. The only specific information Fraser alleged was evidence that M.C. had described the church as a "cult" to her counselor. This fails to show that the counseling records contained material

---

[4] State v. Kalakosky, 121 Wn.2d 525, 550, 852 P.2d 1064 (1993).

[5] Gregory, 158 Wn.2d. at 791.

[6] Id.

[7] Id.

evidence. Thus, he failed to show a reasonable probability that evidence in the counseling records "would impact the outcome of the trial."[8]

Additionally, we note that Fraser introduced other evidence showing M.C.'s alleged bias and extensively argued this point during closing argument. Thus, it is unclear to us that the denial of in camera review of the privileged counseling records had any effect on the outcome of this trial.

Fraser also failed to show that the records would contain inconsistent statements. Fraser alleged that the records would contain inconsistent statements because M.C. described the abuse to her counselor before speaking to the detective. The mere fact that M.C. made prior statements is insufficient to show that she made inconsistent statements. Thus, Fraser's argument was purely speculative—not a particularized showing.

In sum, the trial court did not violate Fraser's due process rights and did not abuse its discretion by declining to review in camera M.C.'s counseling records.

## SCOPE OF CROSS-EXAMINATION

Fraser argues that the trial court deprived him of his right to confront witnesses and his right to a fair trial by limiting the scope of cross-examination. Specifically, he argues that the court should have permitted him to cross-examine M.C.'s sister about her failure to appear at defense interviews. He also argues that the court should have allowed him to use the court's pretrial findings to cross-examine the lead detective. We disagree with both contentions.

---

[8] Id.

A trial court violates a defendant's right to confront witnesses if it impermissibly limits the scope of cross-examination.[9] But "[t]he right to confrontation, and the associated right to cross-examine adverse witnesses, is limited by general considerations of relevance."[10]

Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."[11]

This court reviews a trial court's rulings on relevancy for abuse of discretion.[12] This court also reviews rulings on "[t]he scope of cross-examination" for abuse of discretion.[13]

*Cross-Examination of M.C.'s Sister*

First, Fraser argues that the court abused its discretion by ruling that the fact that M.C.'s sister, K.C., missed two defense interviews was not relevant and prohibiting Fraser from cross-examining her on that fact. We disagree.

Here, the court did not abuse its discretion in determining that this line of questioning was not relevant. The court asked Fraser to make an offer of proof on what he hoped to elicit. Fraser stated that K.C. failed to attend two defense

---

[9] State v. Garcia, 179 Wn.2d 828, 844, 318 P.3d 266 (2014).

[10] State v. O'Connor, 155 Wn.2d 335, 348-49, 119 P.3d 806 (2005) (emphasis omitted).

[11] ER 401.

[12] State v. Foxhoven, 161 Wn.2d. 168, 176, 163 P.3d 786 (2007).

[13] Garcia, 179 Wn.2d at 844.

interviews scheduled at the prosecutor's office, although she later spoke to the defense over the phone. Fraser argued that missing the two interviews showed that K.C. was uncooperative, and therefore not credible.

In response, the State argued that K.C. relied on her father for transportation and that she missed the interviews because her father was "recalcitrant" and did not take her to it. The court found that there was no basis to find that K.C. had voluntarily missed the interviews and sustained the State's objection to this evidence.

Because K.C. could not control her own transportation, her failure to appear at the interviews was not relevant, either to her credibility or to any other issue. Further, Fraser's offer of proof noted that K.C. had participated in a telephonic interview. Thus, K.C. had participated when transportation was not an issue. The court did not violate Fraser's right to confront witnesses when it excluded this line of questioning on cross-examination.

Fraser argues that the court abused its discretion because its ruling was based on the fact that the witness was under the age of 18. The court did note that K.C. was under 18. But the court noted that because she was under 18, the evidence was not relevant for the purpose for which Fraser sought to introduce it. Fraser does not deny that K.C. relied on her parents for transportation. Accordingly, this argument is unpersuasive.

*Cross-Examination of Lead Detective*

Second, Fraser argues that the court impermissibly limited the scope of cross-examination by prohibiting Fraser from using the court's pretrial findings to cross-examine the lead detective in the case. We disagree.

Fraser sought to introduce some of the court's pretrial findings during his cross-examination of the detective. Specifically, Fraser wanted to use the finding that the detective's religious beliefs "may have affected his judgment" during the investigation. Fraser also wanted to use the court's ruling that deleting the e-mails was a Brady violation.

The trial court did not allow Fraser to introduce these findings or cross-examine the detective about them. But it allowed Fraser to cross-examine the detective on the underlying facts—the e-mail messages' religious content and their subsequent deletion.

Limiting the scope of cross-examination in this way was not an abuse of discretion because the court's findings were not relevant. The underlying facts about the detective's conduct were relevant. The jury could have used these facts to find that the detective was biased and thus less credible. And Fraser was able to use these underlying facts in his cross-examination.

But the court's findings and conclusions themselves were not relevant. The findings addressed whether the detective had violated Brady. This determination was not relevant to the jury's determination about whether the detective was credible.

We also believe that if the court had allowed Fraser to use the findings, it could have been an impermissible comment on the evidence by the court. Article IV, section 16 of the Washington constitution prohibits judges from commenting on the evidence. "The touchstone of error in a trial court's comment on the evidence is whether the feeling of the trial court as to the truth value of the testimony of a witness has been communicated to the jury."[14]

Introducing the findings, particularly the finding that the detective's religious beliefs "may have affected his judgment" could inform the jury about the court's opinion about the detective's credibility. This would be an impermissible comment on the evidence.

Fraser argues that the trial court prevented him from introducing evidence about the detective's misconduct. But the court allowed Fraser to cross-examine the detective on the alleged misconduct. It merely prevented Fraser from using the court's conclusion that the detective's behavior was a Brady violation.

At oral argument of this case on appeal, Fraser argued that he was entitled to use the pre-trial rulings in his cross-examination under Davis v. Alaska.[15] But Davis is distinguishable.

In Davis, a "crucial witness for the prosecution" was on juvenile probation.[16] Joshaway Davis sought to cross-examine the witness with the

---

[14] State v. Lane, 125 Wn.2d 825, 838, 889 P.2d 929 (1995).

[15] 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

[16] Id. at 310-11.

9

witness's juvenile record, to show that he had a motive to shift suspicion onto other suspects and that he may have been under "undue pressure from the police."[17]

The trial court excluded evidence of the witness's juvenile record, and the United States Supreme Court held that this was error. The Supreme Court held that Davis had been deprived of his right to cross-examine the witness because he could not raise the inference that the witness was biased or under undue influence without using the juvenile record.[18]

Thus, in Davis, it was because of the witness's juvenile record that he was allegedly biased. And without cross-examining the witness on his record, the defense's attempt to show he had a motive to direct suspicion onto someone else seemed entirely speculative.

In contrast, the trial court's pretrial findings in this case were not necessary to demonstrate the detective's alleged bias. The detective's e-mails and the fact that he deleted them showed his alleged bias. Thus, cross-examining the detective on the e-mails sufficiently raised the issue of his bias. Additionally, using the court's pre-trial findings would have introduced the court's opinion on those facts and constituted a judicial comment on the evidence. Davis does not command this result.

In sum, the trial court neither abused its discretion not violated Fraser's right to confront witnesses by excluding this evidence.

---

[17] Id. at 311.

[18] Id. at 317-18.

10

## CHARACTER EVIDENCE

Fraser also argues that the trial court abused its discretion by excluding character evidence about him. Specifically, he argues that evidence about his reputation for "sexual morality" was relevant. Because the decision to exclude this evidence was within the range of reasonable choices by the trial court, we disagree.

Under ER 404(a), a party generally cannot introduce character evidence to show that a person acted in conformity with that character. But a defendant may introduce evidence of a pertinent character trait.[19] Under ER 404(a), a character trait is "pertinent" if it is relevant.[20]

Unless certain exceptions apply, a defendant may prove his or her character traits only with evidence about the defendant's reputation for that character.[21]

We review de novo the correct interpretation of an evidentiary rule.[22] "Once the rule is correctly interpreted, the trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion."[23]

---

[19] ER 404(a)(1).

[20] State v. Perez-Valdez, 172 Wn.2d 808, 819-20, 265 P.3d 853 (2011).

[21] ER 405.

[22] State v. Gunderson, ___ Wn.2d. ___, 337 P.3d 1090, 1093 (2014).

[23] State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).

11

A trial court abuses its discretion if its "decision is 'manifestly unreasonable or based on untenable grounds or untenable reasons.'"[24] "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard."[25]

The question before us is whether evidence of a reputation for "sexual morality" is pertinent under ER 404(a) when the defendant is charged with child molestation or rape of a child.

At the outset, we note that we are unaware of any bright line rule that commands either the admission or exclusion of evidence in any particular case. Once the trial court properly interprets the court rule, the decision in any particular case to admit or exclude evidence remains a discretionary decision by the trial court, in the first instance.

In State v. Jackson, this court affirmed a trial court's ruling that the defendant's reputation for sexual morality was not pertinent to whether he had committed a sex offense with a child.[26] This court stated:

> The crimes of indecent liberties and incest concern sexual activity, which is normally an intimate, private affair not known to the community. One's reputation for sexual activity, or lack thereof, may have no correlation to one's actual sexual conduct. Simply put, one's reputation for moral decency is not pertinent to whether one has committed indecent liberties or incest.[27]

---

[24] State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

[25] Littlefield, 133 Wn.2d at 47.

[26] 46 Wn. App. 360, 364-65, 730 P.2d 1361 (1986).

[27] Id. at 365.

Essentially, the Jackson court held that while a defendant's *character trait* for sexual morality may be pertinent, a defendant's *reputation* for that trait is unlikely to correlate to the defendant's behavior. Thus the reputation evidence was not relevant for purposes of that case.

Division Three of this court subsequently declined to follow Jackson.[28] In State v. Griswold, Division Three declined to follow Jackson on two bases—dicta in a Division Two case and dicta in a supreme court opinion.[29] In Griswold, the defendant was charged with child molestation.[30] The trial court did not allow the defendant to present evidence of his reputation for good moral character, following Jackson.[31] Division Three held that this was error and that sexual morality was a pertinent trait in child molestation cases.[32]

The supreme court case on which Division Three relied was State v. Thomas.[33] In Thomas, the supreme court stated that "[t]he sole issue raised by the petition for review is whether the trial court must instruct on character evidence when the defendant has introduced relevant character testimony."[34]

---

[28] State v. Griswold, 98 Wn. App. 817, 829, 991 P.2d 657 (2000), abrogated on other grounds by, State v. DeVincentis, 150 Wn.2d 11, 74 P.3d 119 (2003).

[29] 98 Wn. App. 817, 828-29, 991 P.2d 657 (2000).

[30] Id. at 819.

[31] Id. at 828.

[32] Id. at 828-29.

[33] 110 Wn.2d 859, 757 P.2d 512 (1988).

[34] Id. at 860.

13

The State charged the defendant in <u>Thomas</u> with rape of a 14 year old victim.[35] At trial, the court permitted witnesses to testify that the defendant had a reputation for being sexually moral.[36] But the court later refused to give an instruction that the character evidence was sufficient to create a reasonable doubt.[37]

The supreme court held that it was error for the court to refuse to give any instruction on the character evidence.[38] The court then instructed trial courts to use the following instruction in cases involving character evidence:

> Any evidence which bears upon good character and good reputation of the defendant should be considered by you, along with all other evidence, in determining whether or not the defendant is guilty. However, even if you find that the defendant is a person of good character or reputation, you should not acquit if you are convinced beyond a reasonable doubt of the defendant's guilt.[39]

But the supreme court neither cited nor discussed this court's prior decision in <u>Jackson</u>. Moreover, the supreme court did not directly address the issue of whether sexual morality was a "pertinent" character trait in the case. The only statement in <u>Thomas</u> that supports the proposition that the evidence was pertinent is the statement that the character evidence was "properly

---

[35] <u>Id.</u> at 860-61.

[36] <u>Id.</u> at 863.

[37] <u>Id.</u> at 860-61.

[38] <u>Id.</u> at 867.

[39] <u>Id.</u>

introduced" under ER 404 and 405.[40] We do not view that statement as a holding that such evidence is, in all cases, admissible.

There is a split of authority on this question in other jurisdictions.[41] And one jurisdiction has explicitly adopted Jackson's reasoning.[42]

Here, the trial court was made aware of this court's decision in Jackson and that it conflicts with Griswold from Division Three. We conclude the decision to follow Jackson from Division One was not an abuse of discretion.

Whether the supreme court will, at some point, resolve the conflict on this question between Division One and Division Three is simply not before us. Thus, we need not address that question.

Finally, in this case, Fraser was an assistant pastor for the church where M.C. and her family were members. Fraser sought to introduce the reputation evidence from members of his church. We assume that assistant pastors generally have a good reputation for sexual morality within their church. So, we question whether testimony of Fraser's good reputation from members of his church would have added anything to what the jury already knew about him in

---

[40] Id. at 865.

[41] State v. Rothwell, 154 Idaho 125, 131, 294 P.3d 1137 (Ct. App. 2013) (listing cases from jurisdictions that allow reputation evidence on sexual morality and cases from jurisdictions that do not), review denied, (Feb. 28, 2013); Hendricks v. State, 34 So. 3d 819, 823-26 (Fla. Dist. Ct. App. 2010) (citing and discussing Jackson), review granted, 49 So. 3d 746 (Fla. 2010), review dismissed as improvidently granted, 108 So. 3d 608 (Fla. 2013).

[42] Hendricks, 34 So. 3d at 824-26.

15

this case. In sum, we question whether there was any prejudice to Fraser from the exclusion of this evidence.

## CUMULATIVE ERROR

Fraser also argues that cumulative error denied him a fair trial. We disagree.

Where several errors do not individually warrant reversal, the cumulative error doctrine requires reversal when the errors' combined effects denied the defendant a fair trial.[43]

Here, we conclude that the trial court did not err in any respect. Thus, the cumulative error doctrine does not apply.

## STATEMENT OF ADDITIONAL GROUNDS

Fraser raises seven issues in his statement of additional grounds for review.[44] He frames his arguments based on "common sense, fairness, and justice" rather than the law.[45] None of his arguments is persuasive.

In his first three issues, Fraser essentially challenges the sufficiency of the evidence. Fraser argues that M.C.'s testimony was the only evidence against him and that the jury should not have believed her testimony.

But the jury, not this court, determines the credibility of witnesses.[46] And M.C.'s testimony was sufficient to establish all the elements of both crimes.

---

[43] State v. Davis, 175 Wn.2d 287, 345, 290 P.3d 43 (2012).

[44] Statement of Additional Grounds for Review at 1-10.

[45] Id. at 9.

[46] State v. Witherspoon, 180 Wn.2d 875, 883, 329 P.3d 888 (2014).

16

In issues 4, 6, and 7, Fraser alleges that the prosecutor committed misconduct. Fraser claims he was prosecuted because of his religious beliefs and that "[t]he State effectively put [Fraser's church] on trial alongside" Fraser.[47] The record does not support these claims. Fraser also alleges that the State placed a certain witness, Athena Dean, on its witness list with no intention of calling her. But the defense also placed this witness on its list. Thus, assuming Fraser is correct, he does not appear to have suffered prejudice.

Fraser also argues that his counsel should have confronted M.C. with certain inconsistencies in her testimony. Analyzing this issue as a claim of ineffective assistance of counsel, Fraser's counsel was not deficient.

To establish deficient representation, the defendant must show that counsel's representation "f[ell] 'below an objective standard of reasonableness'"[48] Courts presume that counsel provided effective representation and require the defendant to prove that no legitimate strategic or tactical reasons exist.[49]

During closing argument, Fraser's counsel used the inconsistencies in M.C.'s testimony to argue that the jury should not believe her. But counsel did not confront M.C. with all of the inconsistencies during cross-examination.

This was a legitimate strategic decision, as it did not allow M.C. to explain the inconsistencies. Thus, Fraser's counsel was not deficient.

---

[47] Statement of Additional Grounds for Review at 7.

[48] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[49] Id.

We affirm the judgment and sentence.

_____ COX, J.

WE CONCUR:

_____

_____